**In re Paul Forrest UFFMANN and Lynn Ann Uffmann, Debtor(s).**

**Bankruptcy No. 86–00612.**

United States Bankruptcy Court, D. Hawaii.

Feb. 4, 1987.

Edward Kemper, Honolulu, Hawaii, for plaintiff.

Carolyn Hayashi, Honolulu, Hawaii, for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER RE: MOTION TO SET ASIDE ORDER GRANTING RELIEF FROM AUTOMATIC STAY

JON J. CHINEN, Bankruptcy Judge.

Debtors' motion to set aside order granting relief from the automatic stay to creditor, Bancorp Finance of Hawaii, Inc. ("Bancorp") came on for hearing before the undersigned Judge on December 10, 1986. Carolyn E. Hayashi appeared on behalf of Creditor Bancorp and Edward C. Kemper appeared on behalf of Debtors. The court, having heard the testimony of witnesses, having considered the records and files herein and the memoranda and affidavits filed herein, and having considered the argument of counsel, now enters the following Findings of Facts, Conclusions of Law and Order re: Motion to Set Aside Order Granting Relief.

## FINDINGS OF FACT

1. The Debtors are the lessees of Kualoa Ranch of certain beachfront real property located at 49–583 Kamehameha Highway, Kaneohe, Hawaii 96744 ("Property"). At the time of the hearing, there were four years remaining on the lease with Kualoa Ranch.

2. In consideration of a loan made to them by Bancorp, Debtors made, executed, and delivered to Bancorp a Mortgage Note ("Note") dated January 13, 1984, in the principal sum of $95,000.00 with interest at the rate of 15.39% per annum.

3. As part of the same loan transaction and in order to secure the payment to Bancorp of the sum and interest set forth in the Note, Debtors made, executed and delivered to Bancorp a Mortgage, Security Agreement and Financial Statement ("Mortgage") dated January 13, 1984 covering the Property and recorded in the Bureau of Conveyances of the State of Hawaii in Liber 17595 at Page 584, naming Debtors as Mortgagors and Bancorp as Mortgagee.

4. The Mortgage is a valid first mortgage lien on the Debtors' leasehold interest in the Property, subject to any real property taxes which may be presently due and owing. Bancorp is the owner and holder of the Mortgage and the Note.

5. Bancorp was not able to establish at the hearing the exact amount owing by the Debtors. A witness called by Bancorp had no knowledge as to the exact amount of debt owing.

6. On November 14, 1986, Debtors attempted to make an interest payment in the amount of $1,000.00. However, Bancorp refused to apply the payment to the interest until December 10, 1986, when this court ordered the Debtors to make interest payments until the court made its ruling on this motion. On December 10, 1986, Bancorp applied the November 14, 1986 payment to the interest due and owing under the Note and Mortgage. On December 12, 1986, Debtors, again made another interest payment in the amount of $1,147.00, and Bancorp, in accordance with the court's oral ruling of December 10, 1986, applied said payment to the interest due and owing under the terms of the Note and Mortgage.

7. Under the terms of the Note, the entire unpaid principal balance, together with accrued interest was due and payable on January 17, 1986. As of October 3, 1986, there was due and owing pursuant to the Note and Mortgage the principal sum of $95,000.00 plus interest. Interest continues to accrue at the rate of approximately $37.73972 per day.

8. The Property is owned by Kualoa Ranch, Inc. ("Kualoa") and, the lease will expire in four years, on December 31, 1990. Kualoa will neither renegotiate the lease nor voluntarily sell its fee simple interests in the property.

9. Based on a value analysis of the Debtors' leasehold interest in the Property, Richard Yoshimura ("Yoshimura"), Bank of Hawaii's Chief Appraiser, valued the leasehold interest as of December 3, 1986 at approximately $15,500.00.

10. Yoshimura acknowledged that he was not aware of § 516–70(b) of the *Hawaii Revised Statutes* which requires the

landlord at the termination of the lease to either extend the lease for another thirty years, or buy the improvements. A 1983 appraisal indicates the value of the improvements to be $51,584.00. In addition, on the issue of value, the testimony indicated that Kualoa Ranch had offered $140,000.00 to the Debtors for the Property prior to becoming aware of Bancorp's move to foreclose on the Property. Upon becoming aware of such action, Kualoa Ranch then offered $45,000.00 for the leasehold interest.

11. When Yoshimura was informed of the possibility of a condemnation of the fee on behalf of the Debtors, he acknowledged that the value of the Property could be much higher.

12. The evidence further shows that there was an appraisal made in 1983 which estimated the value of the property to be $145,000.00. And the 1983 appraisal indicated that the assessed value of the property was $148,000.00.

13. Kualoa has been involved in fee conversions/condemnation proceedings over other properties owned by it, and its policy is to contest any condemnation proceeding commenced against any of its properties.

14. As stated by both Laurel Mahoney, Corporate Assistance Secretary of Kualoa, and Tom Watts, one of the attorneys for the Debtors, previous condemnation proceedings commenced against property owned by Kualoa have taken at least five to six years to attain final determination.

15. On December 29, 1986, the Hawaii Housing Authority sent a letter to the Debtors informing them that their application to condemn the leased fee interest in the Property, pursuant to Chapter 516 of the *Hawaii Revised Statutes*, was denied.

16. As a result of the Hawaii Housing Authority's failure or refusal to accept their application, Debtors have brought an action against the Hawaii Housing Authority and the lessor, Kualoa, in the First Circuit Court of the State of Hawaii to compel the Hawaii Housing Authority to accept their application and to proceed with the requested condemnation proceeding.

17. Other lessees in the Kualoa beach side area have also petitioned the Hawaii Housing Authority to condemn the property under the Land Reform Act, Chapter 516 of the *Hawaii Revised Statutes*.

18. Since it is a beachfront property, the Property's value would be greatly enhanced by the availability of the fee.

19. There is another lien on the property held by the Small Business Administration ("SBA"). However, the SBA was willing to compromise that claim for $10,000.00 before Bancorp moved to foreclose on the Property.

CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and the claim.

2. 11 U.S.C. § 362(d) states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

3. 11 U.S.C. § 362(g) states:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

4. Bancorp has the burden of showing that Debtors have no equity in the Property, and Debtors have the burden of showing that Bancorp is adequately protected, and that the Property is necessary for an effective reorganization. *See e.g. In re Development, Inc.,* 36 B.R. 998 (Bkrtcy. Hawaii 1984).

5. Although Yoshimura is the only appraiser who has testified, the court cannot give full credence to his valuation. First, he was not aware of Section 516–70(b) of the Hawaii Revised Statutes, which requires the landlord to either extend the lease for another thirty years or to buy the improvements. Second, when he was informed that there was the possibility of a condemnation of the fee on behalf of the Debtors under Chapter 516 of the Hawaii Revised Statutes, Yoshimura acknowledged that the market value of the Property could be much higher than $15,500.00. Third, Yoshimura failed to explain the difference in valuation of $145,000.00 in 1983 and his $15,500.00 in 1986.

6. Based on the possibility of a condemnation of the fee of the Property on behalf of Debtors, the court finds the market value of the Property to be at least $130,000.00. The total amount of debt being approximately $100,000.00, the court finds that there is sufficient equity in the property to provide adequate protection to Bancorp, especially in light of the monthly interest payments being made to Bancorp.

7. The court is, however, concerned about the time required in a condemnation proceeding. Therefore, the court will require that another hearing on this matter be held within three months to determine the status of the condemnation proceeding. In the meantime, the court orders the Debtors to continue paying the interest due on the mortgage to Bancorp until the next hearing. Further, the Debtors are directed to submit a disclosure statement and plan of reorganization within 45 days of the date of entry of this order.

8. Meanwhile, the court orders that the automatic stay continue in this proceeding until the next hearing on this matter.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order Granting Motion for Relief from Automatic Stay filed November 13, 1986 is hereby vacated.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Bancorp's Motion for Relief from Automatic Stay shall be and is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtors shall file a disclosure statement and plan of reorganization within 45 days of the entry of this order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtors shall appear before the undersigned judge on Friday, April 17, 1987 at 9:00 a.m. to advise this court as to the status of the Condemnation proceeding.